**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| MICHAEL KENT, Individually and On Behalf of All Others Similarly Situated, | ) | |
| Plaintiff, | ) | Case No. _______________ |
| v. | ) | JURY TRIAL DEMANDED |
| LIVONGO HEALTH, INC, GLEN TULLMAN, ZANE BURKE, CHRIS BISCHOFF, KAREN L. DANIEL, SANDRA FENWICK, PHILIP D. GREEN, HEMANT TANEJA, TELADOC HEALTH, INC., and TEMPRANILLO MERGER SUB, INC., | ) | CLASS ACTION |
| Defendants. | ) | |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. This action stems from a proposed transaction announced on August 5, 2020 (the "Proposed Transaction"), pursuant to which Livongo Health, Inc. ("Livongo" or the "Company") will be acquired by Teladoc Health, Inc. ("Parent") and Tempranillo Merger Sub Inc. ("Merger Sub," and together with Parent, "Teladoc").

2. On August 5, 2020, Livongo's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Teladoc. Pursuant to the terms of the Merger Agreement, Livongo's stockholders will receive 0.5920 shares of Parent common stock and $4.24 in cash for each share of Livongo common stock they own.

3. On September 3, 2020, defendants filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4. The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Livongo common stock.

9. Defendant Livongo is a Delaware corporation and maintains its principal executive offices at 150 West Evelyn Avenue, Suite 150, Mountain View, California 94041. Livongo's common stock is traded on the NASDAQ Global Select Market under the ticker symbol "LVGO."

10. Defendant Glen Tullman is Founder and Chairman of the Board of the Company.

11. Defendant Zane Burke is Chief Executive Officer and a director of the Company.

12. Defendant Chris Bischoff is a director of the Company.

13. Defendant Karen L. Daniel is a director of the Company.

14. Defendant Sandra Fenwick is a director of the Company.

15. Defendant Philip D. Green is a director of the Company.

16. Defendant Hemant Taneja is a director of the Company.

17. The defendants identified in paragraphs 10 through 16 are collectively referred to herein as the "Individual Defendants."

18. Defendant Parent is a Delaware corporation and a party to the Merger Agreement.

19. Defendant Merger Sub is a Delaware corporation, a wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

**CLASS ACTION ALLEGATIONS**

20. Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of Livongo (the "Class"). Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

21. This action is properly maintainable as a class action.

22. The Class is so numerous that joinder of all members is impracticable. As of July 29, 2020, there were approximately 99,040,277 shares of Livongo common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

23. Questions of law and fact are common to the Class, including, among others, whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

24. Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

25. The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

26. Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

***Background of the Company and the Proposed Transaction***

27. Livongo has created a unified platform that provides smart, cellular-connected devices, supplies, informed coaching, data science-enabled insights, and facilitates access to medications across multiple chronic conditions for its members.

28. The Company currently offers Livongo for Diabetes, Livongo for Hypertension, Livongo for Prediabetes and Weight Management, and Livongo for Behavioral Health by myStrength.

29. Using its AI+AI engine, the Company's team of data scientists aggregate and interpret substantial amounts of health data and information to create actionable, personalized, and

timely health signals delivered to Livongo members.

30. On August 5, 2020, Livongo's Board caused the Company to enter into the Merger Agreement with Teladoc.

31. Pursuant to the terms of the Merger Agreement, Livongo's stockholders will receive 0.5920 shares of Parent common stock and $4.24 in cash for each share of Livongo common stock they own.

32. According to the press release announcing the Proposed Transaction:

> Teladoc Health (TDOC), the global leader in virtual care, and Livongo (LVGO), the leading Applied Health Signals company – today announced that they have entered into a definitive merger agreement. This merger represents a transformational opportunity to improve the delivery, access and experience of healthcare for consumers around the world. The highly complementary organizations will combine to create substantial value across the healthcare ecosystem, enabling clients everywhere to offer high quality, personalized, technology-enabled longitudinal care that improves outcomes and lowers costs across the full spectrum of health.
>
> Under the terms of the agreement, which has been unanimously approved by the Board of Directors of each company, each share of Livongo will be exchanged for 0.5920x shares of Teladoc Health plus cash consideration of $11.33 for each Livongo share, representing a value of $18.5 billion based on the closing price of Teladoc Health shares as of August 4, 2020. Upon completion of the merger, existing Teladoc Health shareholders will own approximately 58 percent and existing Livongo shareholders will own approximately 42 percent of the combined company. . . .
>
> Leadership & Governance
>
> Jason Gorevic, current CEO of Teladoc Health, will be the CEO of the combined company. Led by Teladoc Health chairman, David Snow, the newly combined Teladoc Health Board of Directors will be composed of eight members of the Teladoc Health Board and five members of the Livongo Board.
>
> Additional Transaction Details
>
> The transaction is expected to close by the end of Q4 2020, subject to regulatory and Teladoc Health and Livongo shareholder approvals and other customary closing conditions. The newly combined company will be called Teladoc Health and will be headquartered in Purchase, New York.

> Advisors
>
> Lazard served as exclusive financial advisor to Teladoc Health and Paul, Weiss, Rifkind, Wharton & Garrison LLP served as legal advisor.
>
> Morgan Stanley served as exclusive financial advisor to Livongo and Skadden, Arps, Slate, Meagher & Flom LLP served as legal advisor.

***The Registration Statement Omits Material Information, Rendering It False and Misleading***

33. Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

34. As set forth below, the Registration Statement omits material information.

35. First, the Registration Statement omits material information regarding the Company's and Teladoc's financial projections.

36. With respect to the Company's financial projections, the Registration Statement fails to disclose, for each set of projections: (i) all line items used to calculate adjusted EBITDA and unlevered free cash flow; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

37. With respect to Teladoc's financial projections, the Registration Statement fails to disclose: (i) all line items used to calculate adjusted EBITDA and unlevered free cash flow; (ii) the Case 2 projections; and (iii) a reconciliation of all non-GAAP to GAAP metrics.

38. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

39. Second, the Registration Statement omits material information regarding the analyses performed by the Company's financial advisor, Morgan Stanley & Co. LLC ("MS").

40.     With respect to MS's Discounted Equity Value Analyses, the Registration Statement fails to disclose the individual inputs and assumptions underlying the discount rates of 9.4% and 7.5%.

41.     With respect to MS's Livongo Discounted Cash Flow Analysis, the Registration Statement fails to disclose: (i) the unlevered free cash flows used in the analysis and all underlying line items; (ii) the Livongo street case estimates used in the analysis; (iii) the terminal values for Livongo; (iv) MS's basis for applying a range of perpetual growth rates of 2.5% to 3.5%; (v) the estimates of net operating loss and tax credit carryforwards; (vi) the individual inputs and assumptions underlying the range of discount rates of 8.3% to 10.2%; and (vii) the net debt of Livongo.

42.     With respect to MS's Teladoc Discounted Cash Flow Analysis, the Registration Statement fails to disclose: (i) the unlevered free cash flows used in the analysis and all underlying line items; (ii) the Teladoc street case estimates used in the analysis; (iii) the terminal values for Teladoc; (iv) MS's basis for applying a range of perpetual growth rates of 2.5% to 3.5%; (v) the estimates of net operating loss and tax credit carryforwards; (vi) the individual inputs and assumptions underlying the range of discount rates of 7.3% to 8.2%; and (vii) the net debt of Teladoc.

43.     With respect to MS's Precedent Transaction Multiples Analysis, the Registration Statement fails to disclose the individual multiples and metrics for the transactions observed in the analysis.

44.     With respect to MS's Analyst Price Targets analyses, the Registration Statement fails to disclose: (i) the individual price targets observed in the analyses; and (ii) the sources thereof.

45. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

46. Third, the Registration Statement omits material information regarding MS.

47. The Registration Statement fails to disclose the circumstances under which the "fee of up to approximately $11 million" is payable to MS, and whether defendants intend to pay such fee to MS.

48. The Registration Statement fails to disclose the timing and nature of the past services MS provided to the Company and its affiliates.

49. The Registration Statement also fails to disclose whether MS has provided past services to Teledoc or its affiliates, and if so, the timing and nature of such services and the amount of compensation received by MS for providing such services.

50. Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

51. The omission of the above-referenced material information renders the Registration Statement false and misleading.

52. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

**COUNT I**

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Livongo**

53. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

54. The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Livongo liable as the issuer of these statements.

55. The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

56. The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

57. The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

58. The Registration Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

59. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

60. Because of the false and misleading statements in the Registration Statement, plaintiff and the Class are threatened with irreparable harm.

**COUNT II**

**Claim for Violation of Section 20(a) of the 1934 Act Against the Individual Defendants and Teladoc**

61. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

62. The Individual Defendants and Teladoc acted as controlling persons of Livongo within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or Board members of Livongo and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

63. Each of the Individual Defendants and Teladoc was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

64. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Registration Statement.

65. Teladoc also had supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

66. By virtue of the foregoing, the Individual Defendants and Teladoc violated Section 20(a) of the 1934 Act.

67. As set forth above, the Individual Defendants and Teladoc had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

**JURY DEMAND**

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: September 10, 2020

**RIGRODSKY & LONG, P.A.**

By: */s/ Gina M. Serra*
Seth D. Rigrodsky (#3147)
Brian D. Long (#4347)
Gina M. Serra (#5387)
300 Delaware Avenue, Suite 210
Wilmington, DE 19801
Telephone: (302) 295-5310
Facsimile: (302) 654-7530
Email: sdr@rl-legal.com
Email: bdl@rl-legal.com
Email: gms@rl-legal.com

*Attorneys for Plaintiff*

**OF COUNSEL:**

**RM LAW, P.C.**
Richard A. Maniskas
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
Telephone: (484) 324-6800
Facsimile: (484) 631-1305
Email: rm@maniskas.com